UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR LINDSEY,

        Petitioner,

CASE NO. 2:16-cv-13214

v.                              HONORABLE STEPHEN J. MURPHY, III

DAVID J. EBBERT,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR
A WRIT OF HABEAS CORPUS (document no. 1) AND CLOSING THE CASE**

**INTRODUCTION**

    The case involves a habeas petition filed pursuant to 28 U.S.C. § 2241. Petitioner Victor Lindsey instituted the action in the United States District Court for the Middle District of Pennsylvania while still a federal prisoner confined at the United States Penitentiary in Lewisburg, Pennsylvania. The case was transferred to the Court on September 7, 2016. In his pleadings, Lindsey challenges a detainer lodged against him by the State of Michigan in 2004 to ensure his return to Michigan to serve sentences on state criminal convictions. For the following reasons, Lindsey is not entitled to habeas relief and the Court will dismiss with prejudice the habeas petition.

**BACKGROUND**

    Lindsey was convicted of federal drug and weapons offenses in the United States District Court for the District of New Mexico and was sentenced to a total of 181 months imprisonment in April 2003. *See* Am. J., *United States v. Lindsey*, No. 2:01-cr-00588-MCA

(D.N.M. April 25, 2003), ECF No. 320. He began serving those sentences in December 2003. *See* Pet., ECF No. 1 at Pg ID 14. The United States Court of Appeals for the Tenth Circuit affirmed Lindsey's federal convictions and sentences. *United States v. Lindsey*, 389 F.3d 1334 (10th Cir. 2004). Lindsey filed several post-conviction motions for sentencing reductions, all of which were denied. *See, e.g., United States v. Lindsey*, No. 15-2212, 2016 WL 3251932 (10th Cir. June 7, 2016) (discussing motions and dismissing appeal). As of March 2016, Lindsey's projected release date was July 21, 2016. *See* Pet., ECF No. 1 at Pg ID 14.

Lindsey was also convicted of first-degree murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court. He was sentenced, as a fourth habitual offender, to life imprisonment without parole, a concurrent term of two to five years imprisonment, and a consecutive term of two years imprisonment in June 2003. *See People v. Lindsey*, No. 03-004959-01-FC, Register of Actions (Wayne Co. Cir. Ct.); *see also* Offender Profile, Mich. Dep't of Corr. Offender Tracking Info. Sys., http://mdocweb.state.mi.us/otis2profile .aspx?mdocNumber=461685 (hereinafter "OTIS Result"). On February 12, 2004, the State of Michigan lodged a detainer against Lindsey based upon those convictions and due to his federal imprisonment. *See* Pet., ECF No. 1 at Pg ID 15.

In 2005, the Michigan Court of Appeals affirmed Lindsey's state convictions and sentences, *People v. Lindsey*, No. 250145, 2005 WL 77105 (Mich. Ct. App. Jan. 13, 2005), and the Michigan Supreme Court denied leave to appeal. *People v. Lindsey*, 473 Mich. 855 (2005). In 2014, Lindsey filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his state convictions and sentences, which was dismissed as untimely. Order,

*Lindsey v. Thomas*, No. 2:14-cv-10561 (E.D. Mich. Feb. 12, 2015) (Tarnow, J.), ECF No. 28. The United States Court of Appeals for the Sixth Circuit affirmed. *Lindsey v. Thomas*, No. 15-1214 (6th Cir. Oct. 22, 2015).

Lindsey filed the instant habeas petition pursuant to 28 U.S.C. § 2241 in April 2016 and the case was recently transferred to this Court. In the interim, however, Lindsey was discharged from federal custody and returned to Michigan to serve his state sentences. *See* Fed. Bureau of Prisons Inmate Locator, http://www.bop.gov/inmateloc/Victor Lindsey, #19944-051 (released August 31, 2016); OTIS Result. Petitioner is currently confined at the Charles Engler Reception and Guidance Center in Jackson, Michigan. OTIS Result.

## DISCUSSION

After the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases*; see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as petitions containing factual allegations that are palpably incredible or false*. Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

In his pleadings, Lindsey challenges the State of Michigan's 2004 detainer under the Interstate Agreement on Detainers Act ("IAD"). Pet., ECF No. 1. Specifically, he asserts that the detainer is invalid because a detainer can only be placed on a prisoner for 180 days, not 12 years, under Article III of the IAD. *Id.* He requests removal of the detainer and/or immediate release from custody. *Id.*

Lindsey's claim lacks merit. First, the Sixth Circuit has held that alleged violations of the IAD are not cognizable on federal habeas review absent a fundamental defect that results in a complete miscarriage of justice. *See Curtis v. United States*, 123 F. App'x 179, 184–85 (6th Cir. 2005) (federal prisoner not entitled to habeas relief under 28 U.S.C. § 2241 on claim that United States violated the IAD by failing to seek his return from state custody, absent complete miscarriage of justice); *Browning v. Foltz*, 837 F.2d 276, 283 (6th Cir. 1988) (IAD violations do not provide a basis for habeas relief under 28 U.S.C. § 2254); *Metheny v. Hamby*, 835 F.2d 672, 673–75 (6th Cir. 1987) (state prisoner's claim that state had violated trial-before-return provision of the IAD was not fundamental defect cognizable in habeas case under 28 U.S.C. § 2254 absent exceptional circumstances). Lindsey makes no such showing.

Second, and significantly, the IAD is inapplicable to the case at hand. Article III of the IAD provides:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint . . . .

-4-

IAD Art. III(a) (codified at Mich. Comp. Laws 780.601 and 19 Pa. Cons. Stat. § 1431 et seq.). The United States Supreme Court has ruled that the phrase "untried indictment" in the IAD refers to criminal offenses for which a defendant would be "brought to trial" and not to offenses for which he had already been "tried and convicted." *Carchman v. Nash*, 473 U.S. 716, 725–26 (1985) (holding that IAD does not apply to probation violations). In particular, the Supreme Court found that "[b]y its terms . . . Art. III does not apply to all detainers, but only to those based on 'any untried indictment, information or complaint.'" *Id.* at 727. Thus, the IAD only applies when a borrowing jurisdiction receives temporary custody of an inmate from another state for the purpose of prosecuting untried charges and does not apply to unserved time. *Laster v. Compton*, No. 7:03-cv-00763, 2003 WL 24117699, *2 (W.D. Va. Dec. 8, 2003).

In this case, Lindsey's detainer demands his return to Michigan to serve sentences on existing convictions after the completion of his federal sentences. The detainer thus concerns unserved time rather than untried charges. Consequently, the IAD is inapplicable and Lindsey fails to state a claim upon which relief may be granted in his pleadings. His habeas petition must therefore be dismissed.[1]

## ORDER

Lindsey is not entitled to federal habeas relief on the claim contained in his petition. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

---

[1] Lindsey's challenge to the detainer may also be moot, in whole or in part, given that he has already been transferred to state custody in Michigan and is serving his state sentences. If so, those facts provide additional grounds for the dismissal of his action.

A certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Lindsey need not request one from this Court or the Sixth Circuit should he seek to appeal this decision. The Clerk is directed to close the case.

**IT IS SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 30, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2016, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager